Appeal No. 13-35290

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LESTER R. SHINAULT,
*Appellant*,

*v.*

DICK HAWKS; TAMI DOHRMAN; MARTHA MCDANIEL; OREGON
DEPT. OF CORRECTIONS GENERAL SERVICE DIVISION,
*Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
THE HONORABLE ANNA J. BROWN, JUDGE
CASE NO. 3:11-CV-00436-PK

**APPELLANT'S UNOPPOSED MOTION TO SUPPLEMENT THE RECORD**

O'MELVENY & MYERS LLP
DANIEL H. BOOKIN
ANNA-ROSE MATHIESON
TWO EMBARCADERO CENTER, 28TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3823
TELEPHONE: (415) 984-8700
FACSIMILE: (415) 984-8701

*Pro Bono Attorneys for Appellant Lester R. Shinault*

## INTRODUCTION

This appeal stems from a pro se lawsuit brought by Lester Shinault against certain prison officials associated with the Oregon Department of Corrections Central Trust (collectively, "Defendants"). Mr. Shinault alleges Defendants improperly seized funds he received from a medical liability settlement and used those funds to pay for the costs of his incarceration, in violation of his rights to due process, to access to the courts, and against cruel and unusual punishment.

Mr. Shinault respectfully moves to supplement the record with the certified transcript of the October 23, 2009 hearing regarding the seizure of his funds (the "Hearing Transcript"). Mr. Shinault repeatedly cited and referred to this hearing in his briefing to the district court, but as a pro se plaintiff did not understand he needed to attach the transcript when opposing summary judgment. Consideration of the Hearing Transcript on appeal will not cause unfair surprise nor raise questions of authenticity—all Defendants were represented by counsel at the hearing, and indeed Defendants previously lodged a copy of the transcript with the Oregon Court of Appeals. Supplementation of the record is thus appropriate and serves the interest of justice. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (citing *Dickerson v. State of Ala.*, 667 F.2d 1364, 1366-68 & n.5 (11th Cir. 1982) (supplementing the record with transcript from state court proceeding)); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking judicial notice of documents from state habeas record). Defendants do not oppose this motion.

1

## ARGUMENT

In his filings before the district court, Mr. Shinault repeatedly referenced and relied on the audio recording of the Ability to Pay Hearing before an administrative law judge.[1] In his Objections to the Magistrate's Findings and Recommendation, Mr. Shinault explained under penalty of perjury that everything said in the hearing "is recorded on a C.D. which I plan to use" at trial. (D. Ct. Dkt. 76, at 6; *see also id.* at 12 (urging the district court to "hear the record[ing]" of the contested hearing, and reiterating his plan to play it at trial).) He informed the court that the events at the hearing supported his assertions, arguing the court would understand the merit of his claims "if you listen to Shinault testimony at the telephone contested hearing recorder from Jail." (*Id.* at 13 (errors in original).) And he specifically cited the hearing to support his arguments against summary judgment. (*Id.* at 13 (citing the "Telephone contested Hearing on October 23, 2009" as support for his claims); *id.* (citing the "Telephone Contested Hearing recorder [sic] or C.D. on October 23, 2009 at Marion County Jail" as support for his claims).)

Yet despite repeatedly expressing his intent to rely on the hearing, Mr. Shinault, a pro se litigant, did not understand he needed to attach a copy of the Hearing Transcript to his pleadings. The district court thus ruled against

---

[1] The "Hearing Transcript" is the certified transcript of the audio recording from this hearing, and is attached to the Declaration of Anna-Rose Mathieson as Exhibit A, filed herewith.

2

Mr. Shinault on summary judgment based on an inaccurate and incomplete understanding of the administrative record. In this context it is appropriate for this Court to exercise its inherent equitable authority to supplement the record. See *Lowry*, 329 F.3d at 1024 (citing *Dickerson*, 667 F.2d at 1366-68 & n.5).

The Court's inherent authority to augment the record on appeal extends to any relevant and helpful evidence, even evidence not submitted to or considered by the district court. *Lowry*, 329 F.3d at 1025; *see also Dickerson*, 667 F.2d at 1366-67 (supplementing the record to include state trial transcript that contained legally significant facts that were omitted from the state opinion on which the district court relied); *Turk v. United States*, 429 F.2d 1327, 1329 (8th Cir. 1970) (granting, in the interest of justice, motion to supplement record with evidence from transcript not presented to district court or otherwise part of record on appeal).

As in *Dickerson*, supplementing the record in this appeal with the Hearing Transcript serves the interest of justice. The evidence is directly relevant to the contested issues—whether the seizure of medical liability settlement funds that Mr. Shinault needed to pay his continuing medical bills violated his Eighth Amendment right against cruel and unusual punishment, whether Mr. Shinault was denied meaningful access to the courts during the hearing, and whether this post-deprivation hearing violated Mr. Shinault's right to due process. And consideration of the Hearing Transcript would aid the proper resolution of

Mr. Shinault's summary judgment appeal because it directly contradicts the lower court's findings. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *see also Snow v. McDaniel*, 681 F.3d 978, 992 (9th Cir. 2012), *overruled on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (noting that supplementation may be appropriate where the records establish proper resolution of a summary judgment order).

    For example, the district court found that Mr. Shinault's right to counsel at the hearing was not infringed because he had sufficient funds to retain another attorney before the hearing. (D. Ct. Dkt. 61, at 11.) However, the Hearing Transcript shows that Defendants had frozen all of Mr. Shinault's remaining funds pending the results of the hearing. (Ex. A, at 19, 32.) Additionally, the district court concluded that Mr. Shinault's access to the courts was not abridged because he was able to present his case before an administrative law judge (D. Ct. Dkt. 61, at 9) and to present and respond to evidence offered by Defendants (D. Ct. Dkt. 92, at 3). But the Hearing Transcript demonstrates Mr. Shinault lacked *meaningful* access to the courts—as just one example, he had no access to any of his legal papers relating to the case and did not even have copies of the Defendants' exhibits until a few hours before the hearing. (Ex. A, at 3-5, 13-14.)

    In addition, as an independent basis to consider this evidence, the court can take judicial notice of the Hearing Transcript. This case and the state action

involve the same parties and arise out of the same set of facts. Defendants cannot question the authenticity of the Hearing Transcript; it was prepared and certified by a court reporter (Ex. A, at 114), and a copy was produced to the Oregon Court of Appeals from Defendants' own files (Ex. B). Judicial notice is thus appropriate. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (this Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); Fed. R. Evid. 201(b); *cf. Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (judicial notice appropriate where "neither party disputes the authenticity" of evidence).

    This Court should not penalize a pro se plaintiff who repeatedly and clearly tried to bring the Hearing Transcript to the court's attention. *Hormel v. Helvering*, 312 U.S. 552, 557 (1941) ("Orderly rules of procedure do not require sacrifice of the rules of fundamental justice."); *see also More Light Invs. v. Morgan Stanley DW Inc.*, 415 F. App'x 1, 1 (9th Cir. 2011) (allowing in documents that are helpful to the Court's understanding and de novo review of the issues, and are not prejudicial to either party). It would be inequitable to exclude consideration of a transcript that should have been before the district court and was referenced in filings opposing summary judgment, but was inadvertently excluded by a pro se plaintiff. *See Colbert v. Potter*, 471 F.3d 158, 165-66 (D.C. Cir. 2006)

5

(supplementing record where evidence "go[es] to the heart of the contested issue, [and] it would be inconsistent with this court's own equitable obligations . . . to pretend that [it does] not exist").

## CONCLUSION

Mr. Shinault respectfully requests permission to supplement the record with the Hearing Transcript of the Ability to Pay Hearing on October 23, 2009.

Dated: May 6, 2014

                        DANIEL H. BOOKIN
                        ANNA-ROSE MATHIESON
                        O'MELVENY & MYERS LLP

                        By:   /s/ Anna-Rose Mathieson

                        Pro Bono Attorneys for Appellant
                        Lester R. Shinault